UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
SIMON LEGER,

              Plaintiff,

   -against-

NAVILA ASSET MANAGEMENT INC.
and MIZANUR RAHMAN,

              Defendants.
--------------------------------------------------------X

REPORT AND
RECOMMENDATION

20 CV 3820 (EK)(RML)

LEVY, United States Magistrate Judge:

       By order dated November 9, 2020, the Honorable Eric R. Komitee, United States District Judge, referred plaintiff's motion for default judgment of foreclosure and sale to me for report and recommendation. For the reasons stated below, I respectfully recommend that plaintiff's motion be granted and that the court enter a judgment of foreclosure and sale in the amount of $477,500 plus interest and fees, and appoint a referee to sell the mortgaged property at issue.[1]

## BACKGROUND AND FACTS

       This is a diversity action to foreclose a mortgage loan. Plaintiff Simon Leger ("plaintiff" or "Leger"), a citizen of France currently residing in the United Kingdom, commenced this commercial mortgage foreclosure action on August 20, 2020, pursuant to N.Y. REAL PROP. ACTS. LAW §§ 1301, et seq. (See Complaint, dated Aug. 20, 2020 ("Compl."), Dkt. No. 1, ¶ 1.) Plaintiff has properly pleaded jurisdiction pursuant to 28 U.S.C. § 1332. (Id. ¶ 8.)

---

[1] Since March 20, 2020, pandemic-related Executive Orders and statutes have imposed moratoria on residential and commercial foreclosures. Most recently, the New York State legislature extended foreclosure protections through January 15, 2022 where certain hardship criteria were met. Although defendants in this case did not attempt to demonstrate hardship, in an exercise of discretion I have delayed issuing this Report and Recommendation until the moratorium ended.

Defendant Navila Asset Management Inc. ("Navila") is a New York corporation with its principal place of business in Brooklyn, New York, and is a party to the note and mortgage at issue and the record owner of the subject property at 415 Bradford Street, Brooklyn, New York 11207 (the "Property"). (Id. ¶¶ 1, 4.) Individual defendant Mizanur Rahman ("Rahman") is a party to the mortgage that plaintiff seeks to foreclose. (Id. ¶ 5.)

Plaintiff served Navila with the summons and complaint via service on an authorized agent. (Affidavit of Service of Anthony McCreath, sworn to Sept. 17, 2020, Dkt. No. 5.) Plaintiff served Rahman by hand delivering the summons and complaint to a person of suitable age and discretion, who verified that Rahman resided at that address, and then mailing a copy to the same address. (Affidavits of Service of Anthony McCreath, sworn to Sept. 17, 2020, Dkt. No. 6.) To date, neither defendant has answered or appeared in this action. The Clerk of the Court noted the defaults of both defendants on October 20, 2020. (Clerk's Entries of Default, dated Oct. 20, 2020, Dkt. Nos. 10, 11.)

## DISCUSSION

A. Default Judgment Standard

It is well settled that a party's default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Grp., 973 F.2d 155, 158 (2d Cir. 1992). A default also effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct; that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged. See id. at 159. However, the district court "is also required to determine whether the [plaintiff's] allegations establish [defendants'] liability as a matter of law." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). The court must ensure that there

is a reasonable basis for the damages specified in a default judgment, and it may rely on detailed affidavits or documentary evidence. OneWest Bank, NA v. Raghunath, No. 14 CV 3310, 2015 WL 5772272, at *2 (E.D.N.Y. Sept. 8, 2015), report and recommendation adopted sub nom., OneWest Bank, N.A. v. Raghun, 2015 WL 5774784 (E.D.N.Y. Sept. 29, 2015) (citing Greathouse v. JHS Sec. Inc., 784 F.3d 105, 116 (2d Cir. 2015)). The moving party is entitled to all reasonable inferences from the evidence it offers. See Romanowicz, 577 F.3d at 84.

    B.   Liability

A plaintiff "is entitled to foreclosure if it alleges 'the existence of an obligation secured by a mortgage, and a default on that obligation.'" Raghunath, 2015 WL 5772272, at *3 (quoting 1st Bridge LLC v. 682 Jamaica Ave., LLC, No. 08 CV 3401, 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010)); see also OneWest Bank, N.A. v. Hawkins, No. 14 CV 4656, 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015), report and recommendation adopted, 2015 WL 5706953 (E.D.N.Y. Sept. 28, 2015); United States v. Watts, No. 13 CV 3211, 2014 WL 4275628, at *2 (E.D.N.Y. May 28, 2014), report and recommendation adopted, 2014 WL 4293815 (E.D.N.Y. Aug. 28, 2014); FirstStorm Partners 2 LLC v. Vassel, No. 10 CV 2356, 2012 WL 1886942, at *3 (E.D.N.Y. Mar. 8, 2012), report and recommendation adopted, 2012 WL 1885861 (E.D.N.Y. May 23, 2012). "If those elements are established, the mortgagee has a 'presumptive right to collect.'" Raghunath, 2015 WL 5772272, at *3 (quoting Vassel, 2012 WL 1886942, at *3).[2]

---

[2] Since this is a commercial mortgage and not a home loan, plaintiff was not required to serve a ninety-day pre-foreclosure notice. See N.Y. REAL PROP. ACTS. LAW § 1304(1) ("[A]t least 90 days prior to commencing legal action against a borrower of a home loan, a lender, assignee, or mortgage loan servicer must provide the borrower with notice stating, inter alia, that the loan is a certain number of days and dollars in default as of a certain date."); Teves Realty Corp v. Terry, No. 14 CV 3226, 2021 WL 3912297, at *2 (E.D.N.Y. Sept. 1, 2021) ("§ 1304 applies only to a 'home loan'" and not to a note secured by commercial property.)

On November 18, 2019, defendant Navila executed and delivered a promissory note (the "Note") to Crosby Capital USA, LLC in the principal amount of $477,500, secured by a mortgage (the "Mortgage") on the Property executed on the same date. (Compl. ¶¶ 10, 12; Note, attached to Compl. as Ex. A, Dkt. No. 1-1; Mortgage, attached to Compl. as Ex. C, Dkt. No. 1-3.)[3] Defendant Rahman signed an Unlimited Guaranty, personally guaranteeing payment on the Note. (Compl. ¶ 11; Unlimited Guaranty, attached to Compl. as Ex. B, Dkt. No. 1-2.) The Mortgage was duly recorded in the office of the City Register, Kings County, on November 26, 2019. (Compl. ¶ 13.) Plaintiff is now the owner and holder of the Note and Mortgage. (Compl. ¶ 15; Allonge, dated July 7, 2020, attached to Note.) Plaintiff has filed a notice of pendency in the Kings County Clerk's Office, as required by N.Y. C.P.L.R. § 6511(a). (Affirmation of Regularity of Rafi Hasbani, Esq., dated Oct. 30, 2020 ("Hasbani Aff."), Dkt. No. 12-1, ¶ 4.)

Under the terms of the Note and Mortgage, upon default, plaintiff is entitled to accelerate the loan and receive a judgment consisting of (a) all unpaid principal; (b) default interest at the rate of twenty-four percent per annum, and (c) late charges and fees. (See Note §§ 4.1, 5.1, 6.1; Mortgage, Art. 10 at 32-34, Art. 11 at 34-37.) According to plaintiff's affidavit and attached Statement of Amount Due and Owing, defendants failed to make payments on the Note and Mortgage and owe the entire amount of the loan, $477,500, plus interest and foreclosure fees. (Affidavit of Simon Leger, sworn to Nov. 2, 2020 ("Leger Aff."), Dkt. No. 12-6, ¶ 6, Ex. A.) Plaintiff also calculates the past due interest as $61,080.21 as of September 30, 2020. (Id. ¶ 7, Ex. A.) Plaintiff does not seek to recover attorney's fees (Hasbani Aff. ¶ 8), but states that he

---

[3] The Note and Mortgage are signed by Rahman, in his capacity as president of Navila. (See Note, Mortgage.)

incurred $2,000 in fees and costs for this foreclosure action (Leger Aff. ¶ 8). However, plaintiff does not list those fees and costs or document them. I recommend that plaintiff receive a judgment of $477,500 for the amount owed on the Note, and that plaintiff be directed to re-submit interest calculations from March 1, 2020, the date of the loan default (see Compl. ¶ 19), to the present. I also recommend that plaintiff be required to enumerate his fees and costs and submit documentation for them.

Additionally, plaintiff requests that the court appoint a referee to sell the Property, and that it be sold as one parcel, explaining that it consists of "one (1) parcel of land under one (1) tax lot located in the County of Kings, State of New York." (Hasbani Aff. ¶ 12.) Because plaintiff has submitted a detailed description of the Property (see Compl. ¶ 1), this fact is well-pleaded and I find that the Property should be sold as one parcel. Accordingly, I recommend that the court appoint a referee to manage the foreclosure and sale. Since plaintiff has not requested any specific person be appointed as referee, I further recommend that the court require plaintiff to propose the names of three referees by letter to the court, along with a brief description of their qualifications, prior to making the appointment.

## CONCLUSION

For the reasons stated above, I respectfully recommend that plaintiff's motion be granted and that the court enter a judgment of foreclosure and sale in the amount of $477,500, plus interest. I further recommend that plaintiff be directed to submit new interest calculations from March 1, 2020 to the present, as well as documentation of his fees and costs. Finally, I recommend that a referee be appointed to sell the Property at auction to the highest bidder, in accordance with N.Y. R.P.A.P.L. Article 13, and that plaintiff be required to submit the names of three proposed referees.

Plaintiff is directed to serve copies of this Report and Recommendation on defendants upon receipt, and to file proof of service with the court within ten days of this Report and Recommendation. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Komitee and to my chambers, within fourteen days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
        January 25, 2022